Robert J. Gladwin, Chief Judge, dissenting. I dissent because appellant’s sole argument on appeal is that the circuit court erréd in denying his motion to dismiss at the adjudication hearing because the accomplice testimony was’ not sufficiently corroborated with réspect to the crime of theft by receiving. He faded to address the fact that the October 29, 2014 order of probation also specifically lists the adjudication of delinquency on the charge of minor in possession, in violation of Arkansas Code Annotated section 3-3-203. (Supp. 2015), an.d does not separate the resulting disposition of that offense from the disposition of theft by receiving, in. violation of Arkansas Code Annotated section 5-36-106 (Repl. 2013). Section 3-3-203(f) (Supp.. 2013) provides as follows: . A person under eighteen (18) years of age who violates this section is subject to the Arkánsas Juvenile Code of 1989, § 9-27-301 et seq. [flArkansas Code Annotated section 9-27-330 (Repl. 2009) covers the disposition alternatives upon a circuit court’s adjudication of delinquency and provides, in relevant part, as follows: (a). If a juvenile is found to be delinquent, the circuit court may enter an order making any of the following dispositions based upon the best interest of the juvenile: [[Image here]] (4)(A) Place the juvenile on probation under those conditions and limitations that the court may prescribe pursuant to § 9-27~339(a). Arkansas Code Annotated section 9-27-339(a)(1) (Repl. 2009) provides: (a)(1) After an adjudication of delinquency, the court may place a juvenile on probation. The conditions of probation shall be given to the juvenile in •writing and shall be explained to him or her and to his or her parent, guardian, or custodian by the probation officer in the initial conference following the disposition hearing. The terms and conditions of appellant’s probationary sentence are contained in the October 29,2014 order of delinquency. • The majority opinion acknowledges that this is a civil proceeding, so even though the rules of criminal procedure apply to the adjudication hearing, appeals are governed by civil law. When a party appealing from a ruling leaves an alternate, independent ground unchallenged,., the circuit court’s ruling must be affirmed. Pearrow v. Feagin, 300 Ark. 274, 778 S.W.2d 941 (1989); Bovee v. State, 2011 Ark. App. 158, 2011 WL 714948; Ross v. Bugaj, 2010 Ark. App. 656, 2010 WL 3901429. Because appellant failed to challenge the circuit court’s alternative ground for the adjudication of delinquency, specifically with respect to the adjudication on the minor-in-1 ^possession offense, and because we hold that the probationary sentence implemented by the circuit court was reasonable pursuant to the terms of sections 3-3-203, 9-27-330, and 9-27-331, we are precluded from addressing appellant’s argument with respect to the additional adjudication of the theft-by-receiving charge. See also Pugh v. State, 351 Ark. 5, 89 S.W.3d 909 (2002). Finally, the reversal of the theft-by-receiving conviction amounts to little more than an advisory opinion. Appellant’s adjudication of delinquency remains in effect pursuant to the finding regarding the charge of minor in possession, as does the resulting sentence pursuant to the October 29, .2014 order of probation. Accordingly, I dissent.